IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION NO. 16-263 |
| | : | |
| v. | : | |
| | : | |
| NELSON IRIZARRY | : | CIVIL ACTION NO. 20-4166 |

**MEMORANDUM**

**Padova, J.**                                                                                                           **April 10, 2023**

Before the Court is Defendant's *pro so* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Defendant asks that we vacate his conviction and sentence with respect to his conviction for violation of 18 U.S.C. § 922(g) based on the decision of the Supreme Court in Rehaif v. United States, 139 S. Ct. 2191 (2019). For the following reasons, we deny the § 2255 Motion.

**I.      BACKGROUND**

On September 6, 2017, Defendant pled guilty to Counts I-IV of Indictment No. 16-263, which charged him with committing the following offenses on January 27, 2016: one count of possession with intent to distribute a mixture and substance containing cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count I); one count of possession with intent to distribute a mixture and substance containing cocaine and a mixture and substance containing oxycodone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count II); one count of use and carrying of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count III); and one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count IV).[1] Defendant pled guilty pursuant to a Federal Rule

---

[1] Although Counts I and II of the Indictment charged Defendant with violations of 21 U.S.C. § 841(a)(1), (b)(1)(B), Defendant pled guilty to violations of 21 U.S.C. § 841(a)(1),

of Criminal Procedure 11(c)(1)(C) Plea Agreement with the Government pursuant to, in which he agreed to a sentence of 96 months imprisonment, three years of supervised release, a fine to be determined by the Court, and a special assessment of $400.00. (Guilty Plea Agreement ¶ 3.) On December 15, 2017, we sentenced Defendant to 36 months of imprisonment as to each of Counts I, II, and IV, all such terms to be served concurrently; a consecutive term of 60 months of imprisonment as to Count III; and three years of supervised release as to all Counts, to run concurrently. (Judgment (Docket No. 47) at 2-3 of 8.)

**II.    LEGAL STANDARD**

Defendant has moved for relief pursuant to 28 U.S.C. § 2255, which provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "'Section 2255 does not provide habeas petitioners with a panacea for all alleged trial or sentencing errors.'" United States v. Perkins, Crim. A. No. 03-303, Civ. A. No. 07-3371, 2008 WL 399336, at *1 (E.D. Pa. Feb. 14, 2008) (quoting United States v. Rishell, Crim. A. No. 97-294-1, Civ. A. No. 01-486, 2002 WL 4638, at *1 (E.D. Pa. Dec. 21, 2001)). In order to prevail on a § 2255 motion, the movant's claimed errors of law must be constitutional, jurisdictional, "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962); see also United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014) (stating that "relief under § 2255 is available only when 'the claimed error of law

---

(b)(1)(C), which ae lesser included offenses of the offenses charged in those Counts. (See Guilty Plea Agreement (Docket No. 38).)

was a "fundamental defect which inherently results in a complete miscarriage of justice," and . . . "present[s] exceptional circumstances where the need for the remedy afforded by the writ . . . is apparent."'" (alterations in original) (quoting Davis v. United States, 417 U.S. 333, 346 (1974))).

## III. DISCUSSION

Defendant argues that we should vacate his conviction for violation of 18 U.S.C. § 922(g)(1) because he was not aware, at the time he pled guilty, that the Government was required to prove that he knew that he had been convicted of a crime punishable by one year of imprisonment before he committed the instant offense. Section 922(g) provides that "[i]t shall be unlawful for any person – (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to . . . possess in or affecting commerce, any firearm or ammunition . . . ." 18 U.S.C. § 922(g)(1). On June 21, 2019, eighteen months after Defendant was sentenced in this case, the Supreme Court concluded in Rehaif, "that in a prosecution under 18 U.S.C. § 922(g) . . . the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

The Government acknowledges that Defendant was not informed of the requirement that he be aware of his status as a person barred from possessing a firearm at the time he entered his guilty plea and that Defendant did not admit this status when he entered his guilty plea. (Gov't Resp. at 6.) Nonetheless, the Government argues that we should deny the Motion because Defendant's claim is procedurally defaulted and there is no basis for overcoming the procedural default.[2]

---

[2] We note that Defendant's sentence as to his conviction for violation of 18 U.S.C. § 922(g)(1) is concurrent to his sentences for violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) in Counts I and II. Therefore, we have the discretion to dismiss the instant Motion pursuant to the

3

As a "general rule . . . claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."  Massaro v. United States, 538 U.S. 500, 504 (2003) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982); Bousley v. United States, 523 U.S. 614, 621-22 (1998)); see also United States v. De Castro, 49 F.4th 836, 847 (3d Cir. 2022) ("In the habeas context, we allow a party to overcome their 'procedural default' if it can show either cause and prejudice or actual innocence."  (citing Bousley, 523 U.S. at 622)).  "The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments."  Masaro, 538 U.S. at 504.  Defendant did not appeal his conviction and sentence in this case and thus did not raise his current claim on direct appeal.  We conclude, accordingly, that Defendant has procedurally defaulted his claim that his § 922(g)(1) conviction should be vacated because he pled guilty without first having been

---

concurrent sentence doctrine.  "The concurrent sentence doctrine allows a court 'the discretion to avoid resolution of legal issues affecting less than all counts in an indictment where at least one count will survive and the sentences on [other] counts are concurrent."  Duka v. United States, 27 F.4th 189, 194 (3d Cir. 2022) (quoting United States v. McKie, 112 F.3d 626, 628 n.4 (3d Cir. 1997)).  "The concept underlying this doctrine is simple: there is no use expending the limited resources of the litigants and the judiciary reviewing a conviction where, regardless of the outcome, the defendant will remain subject to the same sentence."  Id. (citing Jones v. Zimmerman, 805 F.2d 1125, 1128 (3d Cir. 1986)).  The concurrent sentence doctrine "may appropriately be applied when the alleged error is associated only with counts for which concurrent sentences are imposed and the other sentences are unassailable."  Jones, 805 F.2d at 1128.  "Because [Defendant] was sentenced to concurrent, [36]-month terms of incarceration on Counts I, II and IV, his § 922(g) conviction clearly had no effect on the length of his sentence." United States v. Sierra, Crim. A. No. 06-522-1, Civ. A. No. 20-2745, 2022 WL 16783858, at *3 (E.D. Pa. Nov. 8, 2022).  Moreover, "as the decision in Rehaif would apply only to [Defendant's] § 922(g) conviction on Count IV, and his sentences on Counts I and II would be otherwise undisturbed, the concurrent sentence doctrine may be applied in this case such that the Court need not consider [his] habeas challenge at all."  Id.  However, since the Government did not ask us to dismiss the instant Motion pursuant to the collateral sentence doctrine, we consider whether Defendant has procedurally defaulted his Rehaif claim.

informed that the Government was required to prove that he knew that he had been convicted of a crime punishable by one year of imprisonment prior his commission of the instant offense.

      A.      Cause and Prejudice

"To show cause for procedural default, 'a defendant must show that some objective factor external to the defense impeded counsel's efforts to raise the claim.'" United States v. Hicks, Crim. A. No. 07-83, 2022 WL 16637983, at *5 (E.D. Pa. Nov. 2, 2022) (internal quotation marks omitted) (quoting United States v. Pelullo, 399 F.3d 197, 223 (3d Cir. 2005)). "'Examples of external impediments which have been found to constitute cause in the procedural default context include "interference by officials", a "showing that the factual or legal basis for a claim was not reasonably available to counsel," and "ineffective assistance of counsel."'" Id. (quoting Pelullo, 399 F.3d at 223).

Defendant does not assert that he was unable to raise this claim on direct appeal due to interference by officials. Moreover, he could not prevail on an argument that the factual or legal basis of this claim was not reasonably available to his attorney before Rehaif was decided because "an argument's 'futility cannot constitute cause [for defaulting a claim] if it means simply that a claim was unacceptable to that particular court at that particular time.'" DeCastro, 49 F.4th at 845 (second alteration in original) (quoting Engle v. Isaac, 456 U.S. 107, 130 n.35 (1982)). Rather, in order to show that the legal basis for a claim was not reasonably available to counsel, a petitioner must show that the claim was so novel that counsel could not have anticipated it . See Hicks, 2022 WL 16637983, at *5-6. At the time of Defendant's conviction and sentence, his Rehaif claim was not such a claim. See id. at *6 (rejecting argument that cause existed for procedural default "because the factual or legal basis for [defendant's] Rehaif claim was not reasonably available before 2019" because, "[a]s the cases cited in the Rehaif

5

decision itself, reflect . . . the matter of what knowledge (i.e., mens rea) a defendant charged with violating § 922(g) must be shown to have had has been litigated in the courts for several decades" (citing Rehaif, 139 S. Ct. at 2199)); see also United States v. Morales-Ortiz, Crim. No. 11-143, 2020 WL 7246913, at *3 (E.D. Pa. Dec. 9, 2020) (determining that defendant's Rehaif claim was not novel "because the question presented in Rehaif has appeared in a countless number of courts of appeals decisions over the years (citing United States v. Rehaif, 888 F.3d 1138, 1145 n.3 (11th Cir. 2018))); Carney v. United States, Civ. A. No. 20-872, 2023 WL 1990552, at *3 (D.N.J. Feb. 14, 2023) (noting that "[t]he issue ultimately decided by the Supreme Court in Rehaif, had been litigated for years prior in lower courts" (citations omitted)).

Defendant uses language in his Motion that suggests that he may be attempting to establish cause for his procedural default by asserting counsel's ineffectiveness in failing to advise him of the Government's proof obligations, as he asserts that he "was not advised that the Government had to prove [he had been convicted of a crime punishable by one year." (Mot. at 4 of 13.) However, at the time Defendant pled guilty and was sentenced in this case, the law in this Circuit did not require the Government to prove that he was aware that he had been convicted of a crime punishable by one year.[3] An "attorney's performance [can]not excuse a procedural default" where the attorney failed to make an argument on appeal "when its legal basis did not exist" because "failing to predict a change in the law is not deficient performance." United States v. Doe, 810 F.3d 132, 153-54 (3d Cir. 2015) (citing Sistrunk v. Vaughn, 96 F.3d 666, 672 (3d Cir. 1996)); see also United States v. Mooty, Crim. A. No. 12-616-01, 2020 WL

---

[3] See Rehaif, 139 S. Ct. at 2201 (Alito, J., dissenting) (stating that the majority opinion in Rehaif "overturn[ed] the long-established interpretation of an important criminal statute, 18 U.S.C. § 922(g), an interpretation that has been adopted by every single Court of Appeals to address the question. That interpretation has been used in thousands of cases for more than 30 years").

7246910, at *2 (E.D. Pa. Dec. 9, 2020) (concluding that procedural default of Rehaif claim was not excused where lawyer failed to raise the claim on direct appeal because "[a]s the Third Circuit Court of Appeals has noted, an attorney's performance is not deficient, and thus does not excuse a procedural default, where they have 'fail[ed] to predict a change in the law'" (second alteration in original) (quoting Doe, 810 F.3d at 154)); United States v. Joseph, Crim. A. No. 10-664, 2021 WL 2936056, at *3 (E.D. Pa. July 12, 2021) (stating that the defendant "cannot demonstrate 'cause' necessary to overcome default [of his Rehaif claim] because an attorney's assistance is not deficient where the attorney has only 'fail[ed] to predict a change in the law'" (second alteration in original) (quoting Doe, 810 F.3dat 154)). We conclude, accordingly, that Defendant has not shown cause to excuse his default of this claim.

B.   Actual Innocence

"Absent cause, the only way for [Defendant] to avoid procedural default and have his § 2255 claim considered on the merits is to make a threshold showing of 'actual innocence.'" Morales-Ortiz, 2020 WL 7246913, at *3 (quoting Bousley, 523 U.S. at 622). "To demonstrate actual innocence . . . [the Defendant] must show that he is factually innocent, not simply that the evidence was legally insufficient." Stewart v. Warden Caanan USP, No. 21-2980, 2022 WL 4533825, at *2 (3d Cir. Sept. 28, 2022) (per curiam) (citing Bousley, 523 U.S. at 623-24). Thus, Defendant "must show that 'in light of all the evidence, it is more likely than not that no reasonable juror properly instructed on the intervening interpretation would have convicted him.'" Id. (quoting Cordaro v. United States, 933 F.3d 232, 241 (3d Cir. 2019)) (citing Schlup v. Delo, 513 U.S. 298, 327-28 (1995)). In considering whether Defendant has made a threshold showing of actual innocence, "we may consider the entire record, including the pre-sentence report." Id. (citing Greer v. United States, 141 S. Ct. 2090, 2098 (2021)).

The record in this case includes "strong circumstantial evidence that [Defendant] was aware that he was a convicted felon at the relevant time." Id. (citing Rehaif, 128 S. Ct. at 2198). Defendant's Pre-Sentence Investigation Report ("PSI") states that, on September 12, 2000, Defendant was found guilty in the Philadelphia County Court of Common Pleas of criminal conspiracy, robbery, simple assault and possession of an instrument of crime, all in connection with a February 1998 arrest for robbing two victims on the 500 block of Lombard Street using a BB gun that the victims believed was an actual firearm. (PSI ¶ 31.) He was sentenced on October 24, 2000 to five to ten years of incarceration and paroled on October 19, 2004. (Id.); see also Commonwealth v. Irizarry, No. CP-51-CR-1112501-1998 (Docket) (Phila. Cnty. Ct. Common Pleas Oct. 24, 2020) (showing that Defendant was sentenced to five to ten years of incarceration for robbery and two years and six months to five years' incarceration for criminal conspiracy). Consequently, there is evidence that Defendant served approximately four years of imprisonment for the state crimes more than eleven years prior to the date on which he committed the § 922(g) offense for which he was convicted in the instant case. "Thus, in light of all the evidence, [Defendant] has not shown that it is more likely than not that any reasonable juror properly instructed on the mens rea element [of § 922(g)(1)] would have acquitted him." Stewart, 2022 WL 4533825, at *2. Indeed, "[a]ny claim that [he] did not know he was a felon at the time of his possession of [the] firearm [in this case] appears to be objectively meritless." Carney, 2023 WL 1990552, at *3. We therefore conclude that Defendant cannot establish actual innocence in order to avoid his procedural default. See United States v. Sierra, Crim. A. No. 06-522-1, Civ. A. No. 20-2745, 2022 WL 16783858, at *4 (E.D. Pa. Nov. 8, 2022) (concluding that defendant could not show actual innocence of § 922(g)(1) offense because he "[o]bviously . . . had the requisite knowledge that he had been convicted of a crime punishable by imprisonment

for a term exceeding one year when he committed the offenses in [that case because] he had served some 18 months in prison some six years before"). We further conclude, accordingly, that there is no basis to excuse Defendant's procedural default of his Rehaif claim.

## IV. CONCLUSION

For the reasons stated above, we deny the instant § 2255 Motion because Defendant procedurally defaulted his claim that he did not knowingly plead guilty to violation of 18 U.S.C. § 922(g)(1) because he was not informed prior to pleading guilty that the Government was required to show that he knew that he had been convicted of a crime punishable by one year of imprisonment before he committed the instant offense. Moreover, we conclude that Defendant has "not made the required substantial showing of the denial of a constitutional right such as would warrant the issuance of a Certificate of Appealability." Hicks, 2022 WL 16637983, at *6 (citing Slack v. McDaniel, 529 U.S. 473, 478 (2000); Bracey v. Superintendent. Rockview SCI, 986 F.3d 274, 283 (3d Cir. 2021). Accordingly, we decline to issue a certificate of appealability.

An appropriate order follows.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.